IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | No. **3:07-CR-077-L** |
| | § | |
| **DANIEL J. SATTIZAHN (4)** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Request to Convert Sentence, filed February 3, 2010. Defendant asks the court to convert the remaining months of his custody sentence to in-home confinement. The government opposes Defendant's motion. After carefully considering the motion, record, and applicable law, the court **denies** Defendant's Request to Convert Sentence.

Defendant pleaded guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. The court entered its criminal judgment as to Defendant on September 18, 2008. He was sentenced to twenty-four months imprisonment, three years of supervised release, and restitution in the amount of $2,095,136.41.

Defendant contends that he has been a model inmate and that he has been fully rehabilitated by the term he has already served. He states that he is scheduled to be released to a halfway house on August 3, 2010. He argues that he will be better able to pay the restitution he owes if he is released to in-home confinement and permitted to work. Defendant also argues that his business partner was sentenced by United States District Judge A. Joe Fish and only received a sentence of twelve months and one day and that the court should correct the disparity.

The government opposes his motion and contends that Defendant has failed to cite any legal basis for his request. It argues that the court cannot reduce or correct his sentence.

**Memorandum Opinion and Order – Page 1**

The court finds that its ability to modify or change a sentence, once imposed, is limited. As this circuit held:

> [A] district court's authority to correct or modify a sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582(b). . . . 18 U.S.C. § 3582(b) authorizes the district court to modify a previously imposed sentence in a limited number of circumstances, such as: (1) when the court receives a motion from the Director of the Bureau of Prisons indicating there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) pursuant to Rule 35(c) of the Federal Rules of Criminal Procedure the district court, acting within 7 days after the imposition of the sentence, corrects an arithmetical, technical, or other clear error identified in a previously imposed sentence; and (3) when a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission.

*United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997). Defendant has not argued that his circumstances meet the requirements of section 3582(b).

While the court applauds Defendant's activities in custody and his desire to begin paying his restitution, there is no legal basis for converting his sentence as he requests. Accordingly, the court **denies** Defendant's Request to Convert Sentence.

**It is so ordered** this 13th day of April, 2010.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 2**